UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
VINCENT ESCOBAR,

                    Plaintiff,

           -against-

SUFFOLK COUNTY COMMUNITY COLLEGE
AND JAMES SPEZZANO,

                   Defendants.
-------------------------------------------------------------------x

Case No: 2:25-cv-06003-GRB-JMW

**<u>AMENDED COMPLAINT FOR
VIOLATION OF CIVIL RIGHTS</u>**

**<u>JURY TRIAL DEMAND</u>**

**RECEIVED**

July 2, 2026

**PRO SE OFFICE**

Plaintiff Vincent Escobar ("Mr. Escobar") hereby alleges, as and for his Complaint against Defendants Suffolk County Community College ("SCCC"), and James Spezzano ("Mr. Spezzano") as follows:

## <u>PRELIMINARY STATEMENT</u>

1. This civil action arises from the severe, pervasive, and objectively offensive sexual harassment and sexual assault committed by Defendant James Spezzano against Plaintiff Vincent Escobar on the Ammerman campus of Suffolk County Community College, a federally funded educational institution.

2. As a result of Defendant Mr. Spezzano's unlawful conduct, Plaintiff suffered severe physical, psychological, and emotional harm, and was effectively denied equal access to the educational programs and activities guaranteed under Title IX of the Education Amendments of 1972.

1

3.      Plaintiff brings this action against Defendant James Spezzano for Violation of the Electronic Communications Privacy Act (ECPA), and Non-Consensual Disclosure of Intimate Visual Depictions (15 U.S.C. § 6851).

4.      Furthermore, Plaintiff brings this action against Defendant Suffolk County Community College for violations of Title IX of the Education Amendments of 1972, 42 U.S.C. § 1983, and 20 U.S.C. § 1681 et seq.  Defendant SCCC receives substantial federal financial assistance yet operates its educational programs with deliberate indifference to known incidents of sexual harassment and assault. By failing to adequately respond to, promptly investigate, and remedy the sexual violence, appropriately sanction perpetrators, and provide supportive measures, the College denied Plaintiff equal access to education. Plaintiff seeks declaratory relief, compensatory damages, and injunctive relief to compel Defendant to comply with federal civil rights mandates.  The College's institutional failures created and perpetuated a hostile environment that subjected Plaintiff to ongoing discrimination on the basis of sex.

5.      Through this action, Plaintiff seeks declaratory relief, compensatory damages, punitive damages, injunctive relief to ensure campus safety, and a trial by jury to hold both the individual perpetrator and the institution accountable for their respective actions.

2

**PARTIES**

6.      Plaintiff Vincent Escobar is a resident of the State of New York and was a student at Suffolk County Community College from 2022 to 2023. At all relevant times herein, Mr. Escobar met the definition of a "student" of Defendant SCCC under all relevant statutes.

7.      Defendant Suffolk County Community College is a public community college that is part of the State University of New York (SUNY) system and receives significant federal and state funding, located in the State of New York.

8.      Defendant James Spezzano, upon information and belief, is a resident of Connecticut.  Mr. Spezzano was a resident of the State of New York and a student at Suffolk County Community College at the time of the incident.

**FACTUAL ALLEGATIONS**

9.      That on or about October 5, 2022, on or around 2 P.M., Plaintiff went into the 1st floor bathroom in the Babylon Student Center at Suffolk County Community College – Ammerman Campus to use the restroom.

10.     Mr. Escobar entered the farthest stall from the entrance while having a private discussion with a family member about a personal medical matter.  This conversation continued and was ongoing while Mr. Escobar used the restroom.

11.     Shortly after entering the stall, while using the toilet, someone entered the bathroom stall next to the one Plaintiff was in. Mr. Escobar was sitting on the toilet

3

when he saw an arm appear from under the stall with a phone in its hand. The person who later came to be known as Defendant James Spezzano started taking a video with his cell phone of the Plaintiff while Plaintiff was sitting on the toilet having a private phone conversation. Defendant James Spezzano also took pictures and videos of Plaintiff from overhead in the stall.

12.    Defendant James Spezzano pulled the phone back into the stall he was in then suddenly knelt under the stall with his penis out. Defendant James Spezzano pulled out his penis and started masturbating while partly in his stall and partly in the stall the Plaintiff was using the toilet in.

13.    Plaintiff ended the call, quickly wiped himself and exited the stall.

14.    Mr. Escobar waited by the sink after washing his hands and decided to video record the perpetrator after he exited the stall.

15.    As Mr. Spezzano exited the stall and saw Mr. Escobar standing there, he threatened to release the video/pictures he took if Mr. Escobar reported him to the school/authorities.

16.    Mr. Escobar quickly recorded him for identification.

17.    After Defendant James Spezzano rushed out of the bathroom, Plaintiff checked the stalls to confirm it was the Defendant who had taken the video/pictures of him and sexually assaulted him while using the restroom. There was no one else in the bathroom or any of the other stalls at the time.

18.    That on or about October 5, 2022, shortly after the incident occurred, on or around 2:15 P.M., Plaintiff went into the building where the Dean of Student's office is located and reported the incident.  A staff member called Campus Security.  Plaintiff was given a Public Safety Statement of Occurrence Form to complete which he completed and handed back to the staff member.

19.    Defendant, James Spezzano was subsequently arrested by the Suffolk County Police Department because of this incident.

20.    Shortly after the incident, Plaintiff received an email from the Dean of Students.  They exchanged several emails in which the Dean assured plaintiff a hearing would be conducted within a few months to determine the disciplinary outcome.

21.    Plaintiff received no further communication regarding the incident from the Dean of Students, Title IX Coordinator, or any member of Suffolk County Community College.

22.    Plaintiff returned to the office of the Dean of Students on at least 3 separate occasions during the Fall 22 and Spring 23 semesters to inquire about the status of his complaint, and each time was told by a staff member he should hear something shortly.  Plaintiff never received another response from any staff member of Suffolk County Community College.

23. Defendant, SCCC failed to respond to the allegations and complaint regarding the sexual misconduct that occurred on campus in which plaintiff was a victim.

24. Defendant, SCCC failed to conduct investigations and/or disciplinary hearings.

25. Plaintiff did not know the outcome of his complaint. As a result, Plaintiff was afraid to go to school. He was in fear, embarrassed, ashamed and disgusted by the assault and did not know if he would see the Defendant, James Spezzano on campus.

26. That, as a result of not being fully informed of the disciplinary consequences Defendant James Spezzano faced, if any, and not being protected by the Defendant, Suffolk County Community College, Plaintiff's grades suffered, causing him to fail most of his classes that semester, Fall 2022, and the subsequent Spring 2023 semester.

27. Defendant, Suffolk County Community College owes students a duty to provide a safe environment.

## FIRST CAUSE OF ACTION
### TITLE IX
### *Against Suffolk County Community College*

28. Plaintiff repeats and realleges each and every allegation in all of the preceding paragraphs as if fully set forth herein.

29.    SCCC demonstrated "deliberate indifference" to the misconduct after receiving actual notice, that is clearly unreasonable in light of the known circumstances.

30.    Defendant, SCCC has an obligation pursuant to the Education Amendments of 1972, to exercise due care by responding promptly and effectively to sexual assault complaints, providing support, and taking steps to prevent future harm. This duty includes investigating reports, ensuring safety, preventing retaliation and potentially implementing measures like no contact orders or changes to class schedules.

31.    That, as a result of Defendant, Suffolk County Community College failure to respond to the allegations, conduct an investigation and/or disciplinary hearing, Plaintiff's education was derailed.

32.    SCCC action's deprived the plaintiff of rights, privileges, or immunities secured by the U.S. Constitution or federal laws such as the Fourteenth Amendment.

33.    SCCC misled Mr. Escobar to believe that an investigation and prompt action would occur upon filing a formal complaint, however, neither occurred.

34.    Pursuant to the Education Amendments of 1972, SCCC failed to prevent and effectively address the sex-based harassment creating a hostile environment.

35.    As a result of not knowing the outcome of the investigation, and being afraid to run into Mr. Spezzano on campus, Mr. Escobar missed classes and fell behind in his classwork, and was then academically dismissed and told he could not register for any classes for Summer 2023 or future semesters which appears to be retaliation.

36.    As a direct and proximate result of Defendants' unlawful conduct as alleged hereinabove, Plaintiff has suffered physical injury, severe emotional distress and anxiety, humiliation, embarrassment, post-traumatic stress disorder, academic dismissal, education derailment, economic harm and other consequential damages.

## SECOND CAUSE OF ACTION
### Violation of the Electronic Communications Privacy Act (ECPA)
### *Against James Spezzano*

37.    Plaintiff realleges and incorporates by reference the allegations contained in the preceding paragraphs as though fully set forth herein.

38.    James Spezzano pushed his phone under and over the bathroom stall Mr. Escobar was in and recorded him without his consent while exposing his genitals and masturbating.  While doing so, he recorded Mr. Escobar's private conversation (and his private parts) while he used the restroom in violation of the Electronic Communications Privacy Act (ECPA).

39.    At all times relevant to this action, Plaintiff had a reasonable expectation that his wire, oral, and/or electronic communications—specifically private phone call would remain private and confidential.

40.    Defendant James Spezzano intentionally and without lawful authorization intercepted, endeavored to intercept, or procured another person to intercept Plaintiff's wire, oral, or electronic communications, in violation of 18 U.S.C. § 2511.

41.    As a direct and proximate result of Defendant's unlawful actions, Plaintiff has suffered injuries including, but not limited to, severe emotional distress, financial loss, and invasion of privacy.

42.    Pursuant to 18 U.S.C. § 2520(b) and (c), Plaintiff is entitled to recover from Defendant(s) appropriate relief, including but not limited to:

- Actual damages sustained by the Plaintiff, or statutory damages (whichever is greater).

- Punitive damages, as Defendant's conduct was willful, intentional, and carried out with reckless disregard for Plaintiff's rights.

43.    Pursuant to tolling provision of CPLR § 207, equitable tolling and Federal Rule of Civil Procedure 12, this cause of action is timely because Mr. Spezzano was continuously absent from New York State for approximately two years during which time plaintiff attempted to locate him.  Plaintiff was unable to locate him

until July 2025.  Mr. Escobar conducted social media searches, address forwarding service, and public record checks; however, he could not be found until July 2025. Defendant James Spezzano did not designate a person to accept service on their behalf within New York State during this absence.  Immediately upon locating the Defendant, plaintiff promptly filed the civil suit.  Mr. Escobar acted reasonably and diligently under the circumstances. *See* Ellis v. Riley, 53 Misc. 2d 615, 279 N.Y.S.2d 382 (Sup. Ct. Kings County 1967), aff'd mem., 29 App. Div. 2d 562, 286 N.Y.S.2d 451 (2d Dep't 1967); Molter v. Carieri, 39 Misc. 2d 587, 241 N.Y.S.2d 700 (Sup. Ct. Queens County 1963).

44.    CPLR 207 states that if a person departs from the state after a cause of action accrues and remains continuously absent for four months or more, the time of absence is not a part of the time within which the action must be commenced. CPLR 207 provides in pertinent part; If, after a cause of action has accrued against a person, he departs from the state and remains continuously absent therefrom for four months or more,. . . the time of his absence . . . is not a part of the time within which the action must be commenced.  Defendant James Spezzano was outside New York State since as early as March 2024 to present, exceeding the four-month threshold required for the toll to apply.  *Exceptions:* The toll does not apply if a designation for service of process was in force, or if jurisdiction could have been obtained under the long-arm statute (CPLR 302). Plaintiff submits that Defendant

was not subject to CPLR 302 long-arm jurisdiction / or service was impossible, thus the toll applies.

### THIRD CAUSE OF ACTION
### Non-Consensual Disclosure of Intimate Visual Depictions
### (15 U.S.C. § 6851)
### *Against James Spezzano*

45.    Plaintiff realleges and incorporates by reference the preceding paragraphs, as if fully set forth herein.

46.    After plaintiff exited the bathroom stall, he waited by the sink to capture a video/picture of the sexual perpetrator after he exited the bathroom stall.   As defendant James Spezzano exited the stall and saw me standing there, he threatened to release the video/pictures he took if Mr. Escobar reported him to the school/authorities.

47.    Plaintiff reported him to the school anyway and filed a police report, and has lived in constant fear because of Mr. Spezzano's threats.

48.    This fear has caused plaintiff to suffer severe mental anguish.

49.    At all times relevant hereto, Plaintiff was an individual depicted in intimate visual depictions, including photographs/videos/digital forgeries of a private nature.

50.    Defendant intentionally, knowingly, and/or with reckless disregard, threatened to disclose Plaintiff's intimate visual depictions without Plaintiff's consent.

51.    Plaintiff did not authorize, permit, or consent to the distribution, publication, or public display of these intimate visual depictions.

52.    As a direct and proximate result of Defendant's unlawful threats to disclosure, Plaintiff has suffered and continues to suffer severe emotional distress, and financial losses.

53.    Pursuant to 15 U.S.C. § 6851(b), Defendant is liable to Plaintiff for actual damages, punitive damages, as well as equitable relief to permanently enjoin Defendant from further distribution of the depictions.

54.    Pursuant to tolling provision of CPLR § 207, equitable tolling and Federal Rule of Civil Procedure 12, this cause of action is timely because Mr. Spezzano was continuously absent from New York State for approximately two years during which time plaintiff attempted to locate him.  Plaintiff was unable to locate him until July 2025.  Mr. Escobar conducted social media searches, address forwarding service, and public record checks; however, he could not be found until July 2025. Defendant James Spezzano did not designate a person to accept service on their behalf within New York State during this absence.  Immediately upon locating the Defendant, plaintiff promptly filed the civil suit.  Mr. Escobar acted reasonably and diligently under the circumstances. *See* Ellis v. Riley, 53 Misc. 2d 615, 279 N.Y.S.2d 382 (Sup. Ct. Kings County 1967), aff'd mem., 29 App. Div. 2d 562, 286

N.Y.S.2d 451 (2d Dep't 1967); Molter v. Carieri, 39 Misc. 2d 587, 241 N.Y.S.2d 700 (Sup. Ct. Queens County 1963).

55.    CPLR 207 states that if a person departs from the state after a cause of action accrues and remains continuously absent for four months or more, the time of absence is not a part of the time within which the action must be commenced. CPLR 207 provides in pertinent part; If, after a cause of action has accrued against a person, he departs from the state and remains continuously absent therefrom for four months or more,. . . the time of his absence . . . is not a part of the time within which the action must be commenced.  Defendant James Spezzano was outside New York State since as early as March 2024 to present, exceeding the four-month threshold required for the toll to apply.  *Exceptions:* The toll does not apply if a designation for service of process was in force, or if jurisdiction could have been obtained under the long-arm statute (CPLR 302). Plaintiff submits that Defendant was not subject to CPLR 302 long-arm jurisdiction / or service was impossible, thus the toll applies.

### **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays judgment be entered in his favor against Defendants, and each of them, as follows:

1.    For a money judgment representing compensatory damages including consequential damages, lost wages, earnings, lost tuition, and all other sums of money, together with interest on these amounts, according to proof;

2.    For a money judgment for mental pain and anguish and severe emotional distress, according to proof;

3.    For punitive and exemplary damages according to proof;

4.    For court fees and costs;

5.    For prejudgment and post-judgment interest; and

6.    For such other and further relief as the Court may deem just and proper.


Dated:  Mount Sinai, NY
        June 23, 2026                          Respectfully submitted,

                                               **VINCENT ESCOBAR**

                                               2 Jessica Lane
                                               Mount Sinai, NY  11766
                                               (631) 509-0651

14